THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NUMBER:

COLONY INSURANCE COMPANY,

        Plaintiff,

vs.

ADAGIO COMMUNITY ASSOCIATION, INC.,
a Florida non-profit corporation, BRASFIELD &
GORRIE, LLC, a foreign limited liability company,
 AAA WELDING & SECURITY, INC., a Florida
corporation, and COX BUILDING CORPORATION,
a Florida corporation,

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Colony Insurance Company (hereafter "Colony"), sues the Defendants, Adagio

Community Association, Inc. (hereafter "the Association"), Brasfield & Gorie, LLC (hereinafter

"Brasfield"), AAA Welding & Security, Inc. (hereinafter "AAA Welding"), and Cox Building

Corporation (hereinafter "Cox Building"), for declaratory relief. In support of this Complaint for

Declaratory Relief, Colony alleges:

## JURISDICTIONAL ALLEGATIONS

1.     This is an action for declaratory relief under an insurance policy pursuant to

Chapter 86 of the Florida Statutes, 28 U.S.C. §2201, and Federal Rule of Civil Procedure 57.

2.     The jurisdiction of this Court is based on diversity of citizenship and the amount

in controversy pursuant to 28 U.S.C. §1332.  This is an action between citizens of different

Colony v. Adagio Community Assoc., et al.

states, and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, interest, and costs.

3.     Colony is an insurance company incorporated under the laws of Virginia with its principal place of business in Richmond, Virginia.

4.     The Association is a not-for-profit corporation incorporated under the laws of Florida with its principal place of business in Miramar Beach, Florida.

5.     Brasfield is a foreign limited liability company formed under the laws of Alabama with its principal place of business in Birmingham, Alabama. Brasfield is registered to transact business in Florida.

6.     AAA Welding was a profit corporation incorporated under the laws of Florida with its principal place of business in Deland, Florida.

7.     Cox Building is a profit corporation incorporated under the laws of Florida with its principal place of business in Panama City Beach, Florida.

## VENUE ALLEGATIONS

8.     Venue is proper in this district because the events giving rise to this suit occurred in this district.

## SUBSTANTIVE ALLEGATIONS

9.     The Association is the corporate entity created for the operation of the Adagio Condominium.

10.     Brasfield was the general contractor responsible for the construction of the Adagio Condominium.

Colony v. Adagio Community Assoc., et al.

11.    AAA Welding was the aluminum railing subcontractor for the Adagio Condominium.

12.    Cox Building was the pools and spa subcontractor for the Adagio Condominium.

13.    The Association has sued Brasfield for damages allegedly caused by defects and deficiencies in the construction of the Adagio Condominium. The Association's Complaint is attached as Exhibit A. Pursuant to Rule 10(c), the allegations of the Complaint are incorporated in and made a part of this Complaint for Declaratory Relief.

14.    In turn, Brasfield has sued AAA Welding and Cox Building in a third party action to recover any monies Brasfield is obligated to pay to the Association due to the work performed by AAA Welding and Cox Building. Brasfield's Third Party Complaint is attached as Exhibit B. Pursuant to Rule 10(c), the allegations of the Third Party Complaint are incorporated in and made a part of this Complaint for Declaratory Relief.

15.    Colony issued a Commercial General Liability Insurance Policy (Policy No.: GL723409) to AAA Welding. The insurance policy was in effect from June 26, 2003 to June 26, 2004. A copy of the policy is attached as Exhibit C. Pursuant to Rule 10(c), the terms of the policy are incorporated in and made a part of this Complaint for Declaratory Relief.

16.    Colony issued two Commercial General Liability Insurance Policies (Policy Nos.: GL122327) to Cox Building. The insurance policies were collectively in effect from July 8, 2003 to July 8, 2005. Copies of the policies are attached as Exhibits D and E, respectively. Pursuant to Rule 10(c), the terms of the policies are incorporated in and made a part of this Complaint for Declaratory Relief.

Colony v. Adagio Community Assoc., et al.

17.     In response to the Third Party Complaint, AAA Welding and Cox Building seek liability coverage under their respective policies issued by Colony.

18.     Colony has responded by affording AAA Welding and Cox Building defenses against the claims asserted against them under complete reservations of rights. A copy of the reservation of rights issued to AAA Welding is attached as Exhibit F. A copy of the reservation of rights issued to Cox Building is attached as Exhibit G. Pursuant to Rule 10(c), the content of the reservations of rights is incorporated in and made a part of this Complaint for Declaratory Relief.

19.     The policies issued by Colony contain certain pertinent provisions, exclusions, and conditions of coverage which preclude and/or limit coverage.

20.     It is Colony's position that the terms of the policies preclude or otherwise limit coverage for the various claims raised and asserted against AAA Welding and Cox Building.

21.     However, AAA Welding and Cox Building have taken the position that there is insurance coverage under the policies issued by Colony.

22.     As such, there is a current and genuine dispute between the parties as to their respective rights and obligations under the policies.

## COUNT I – NO "PROPERTY DAMAGE" – AAA WELDING, BRASFIELD, AND THE ASSOCIATION

23.     Paragraphs 1 through 22 are incorporated in and made a part of this Count.

24.     The provisions of Coverage A of the Insuring Agreement of Section I of the insurance policy issued to AAA Welding state in pertinent part:

Colony v. Adagio Community Assoc., et al.

---

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.  Insuring Agreement**

**a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: . . .

**b.**  This insurance applies to "bodily injury" and "property damage" only if:

**(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**  The "bodily injury" or "property damage" occurs during the policy period: . . .

25.  The policy defines the term "property damage" as:

**a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . . .

26.  To the extent any of the damages being claimed are not because of "property damage," there is no coverage.

Colony v. Adagio Community Assoc., et al.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT II – NO "OCCURRENCE" – AAA WELDING, BRASFIELD, AND THE ASSOCIATION

27.     Paragraphs 1 through 22, 24, and 25 are incorporated in and made a part of this Count.

28.     The policy defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

29.     To the extent any "property damage" was not caused by an "occurrence," there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA

Colony v. Adagio Community Assoc., et al.

Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT III – POLICY PERIOD –
## AAA WELDING, BRASFIELD, AND THE ASSOCIATION

30.     Paragraphs 1 through 22, 24, and 25 are incorporated in and made a part of this Count.

31.     To the extent any "property damage" did not occur during the policy period, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT IV – EXPECTED OR INTENDED INJURY EXCLUSION –
## AAA WELDING, BRASFIELD, AND THE ASSOCIATION

32.     Paragraphs 1 through 22, 24, and 25 are incorporated in and made a part of this Count.

33.     The policy issued to AAA Welding contains the following exclusion:

2.     Exclusions

This insurance does not apply to:

Colony v. Adagio Community Assoc., et al.

_____

### a.    Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

34.    To the extent any "property damage" was expected or intended from the standpoint of AAA Welding, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

### COUNT V –CONTRACTUAL LIABILITY EXCLUSION – AAA WELDING, BRASFIELD, AND THE ASSOCIATION

35.    Paragraphs 1 through 22, 24, and 25 are incorporated in and made a part of this Count.

36.    The policy issued to AAA Welding contains the following exclusion:

2.    Exclusions

This insurance does not apply to:

\*                    \*                    \*

Colony v. Adagio Community Assoc., et al.

**b.      Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**     That the insured would have in the absence of the contract or agreement; or

**(2)**     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

37.     The policy issued to AAA Welding contains the following Contractual Liability Limitation Endorsement (Form CG 21 39 10 93):

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTUAL LIABILITY LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED   OPERATIONS   LIABILITY COVERAGE PART

Colony v. Adagio Community Assoc., et al.

The definition of "insured contract in the DEFINITIONS Section is replaced by the following:

"Insured Contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement. Except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement.

38. This exclusion precludes coverage for Brasfield's contractual indemnity claim.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

Colony v. Adagio Community Assoc., et al.

---

## COUNT VI – BUSINESS RISK EXCLUSION J.(5) –
## AAA WELDING, BRASFIELD, AND THE ASSOCIATION

39.     Paragraphs 1 through 22, 24, and 25 are incorporated in and made a part of this Count.

40.     The policy issued to AAA Welding contains the following exclusion:

2.      Exclusions

This insurance does not apply to:

&ast;                              &ast;                              &ast;

**j.     Damage To Property**

"Property damage" to

&ast;                              &ast;                              &ast;

**(5)**     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; . . .

41.     To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA

Colony v. Adagio Community Assoc., et al.

Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT VII – BUSINESS RISK EXCLUSION J.(6) – AAA WELDING, BRASFIELD, AND THE ASSOCIATION

42.     Paragraphs 1 through 22, 24, and 25 are incorporated in and made a part of this Count.

43.     The policy issued to AAA Welding contains the following exclusion:

2.      Exclusions

This insurance does not apply to:

             *                 *                 *

**j.      Damage To Property**

"Property damage" to

             *                 *                 *

**(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. . . .

44.     The policy issued to AAA Welding provides the following definition for the term "your work:"

**22.**     "Your work":

**a.**     Means:

**(1)**     Work or operations performed by you or on your behalf; and

**(2)**     Materials, parts or equipment furnished in connection with such work or operations.

Colony v. Adagio Community Assoc., et al.

**b.**   Includes:

**(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

**(2)**   The providing of or failure to provide warnings or instructions.

45.   To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT VIII – BUSINESS RISK EXCLUSION L. –
## AAA WELDING, BRASFIELD, AND THE ASSOCIATION

46.   Paragraphs 1 through 22, 24, 25, and 44 are incorporated in and made a part of this Count.

47.   The policy issued to AAA Welding contains the following exclusion:

2.   Exclusions

This insurance does not apply to:

*                    *                    *

Colony v. Adagio Community Assoc., et al.

l.      **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

48.     The policy issued to AAA Welding provides the following definition for the term "products-completed operations hazard:"

**16.**     "Products-completed operations hazard":

**a.**      Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**     Products that are still in your physical possession; or

**(2)**     Work that has not yet been completed or abandoned. However, "your work: will be deemed completed at the earliest of the following times:

**(a)**     When all of the work called for in your contract has been completed.

**(b)**     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. . . .

Colony v. Adagio Community Assoc., et al.

49.     To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT IX – BUSINESS RISK EXCLUSION M. – AAA WELDING, BRASFIELD, AND THE ASSOCIATION

50.     Paragraphs 1 through 22, 24, 25, and 44 are incorporated in and made a part of this Count.

51.     The policy issued to AAA Welding contains the following exclusion:

2.      Exclusions

This insurance does not apply to:

            *                    *                    *

m.      **Damage To Impaired Property Or Property Not Physically     Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

Colony v. Adagio Community Assoc., et al.

---

  **(2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

  This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

52.  The policy issued to AAA Welding provides the following definition for the term "impaired property:"

  **8.**  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

  **a.**  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  **b.**  You have failed to fulfill the terms of a contract or agreement;

  if such property can be restored to use by:

  **a.**  The repair, replacement, adjustment or removal of "your product" or "your work"; or

  **b.**  Your fulfilling the terms of the contract or agreement.

53.  To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to AAA Welding & Security, Inc.; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and

16

Colony v. Adagio Community Assoc., et al.

costs expended by Colony Insurance Company in the defense of AAA Welding & Security, Inc.;

(d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify AAA

Welding & Security, Inc.; (e) award Colony Insurance Company the costs of this action; and (f)

award Colony Insurance Company any other relief this Court deems just and equitable.

**COUNT X – NO "PROPERTY DAMAGE" –
COX BUILDING, BRASFIELD, AND THE ASSOCIATION**

54.     Paragraphs 1 through 22 are incorporated in and made a part of this Count.

55.     The provisions of Coverage A of the Insuring Agreement of Section I of the

insurance policies issued to Cox Building state in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY
DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally
obligated to pay as damages because of "bodily injury" or
"property damage" to which this insurance applies. We will
have the right and duty to defend the insured against any
"suit" seeking those damages. However, we will have no
duty to defend the insured against any "suit" seeking
damages for "bodily injury" or "property damage" to which
this insurance does not apply. We may, at our discretion,
investigate any "occurrence" and settle any claim or "suit"
that may result. But: . . .

**b.**     This insurance applies to "bodily injury" and "property
damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during
the policy period: . . .

Colony v. Adagio Community Assoc., et al.

56.     The policies define the term "property damage" as:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . . .

57.     To the extent any of the damages being claimed are not because of "property damage," there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT XI – NO "OCCURRENCE" –
## COX BUILDING, BRASFIELD, AND THE ASSOCIATION

58.     Paragraphs 1 through 22, 55, and 56 are incorporated in and made a part of this Count.

59.     The policies define the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

Colony v. Adagio Community Assoc., et al.

60.   To the extent any "property damage" was not caused by an "occurrence," there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

### COUNT XII – POLICY PERIOD – COX BUILDING, BRASFIELD, AND THE ASSOCIATION

61.   Paragraphs 1 through 22, 55, and 56 are incorporated in and made a part of this Count.

62.   To the extent any "property damage" did not occur during the policy period, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building

Colony v. Adagio Community Assoc., et al.

Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony

Insurance Company any other relief this Court deems just and equitable.

## COUNT XIII – DESIGNATED WORK EXCLUSION – COX BUILDING, BRASFIELD, AND THE ASSOCIATION

63.     Paragraphs 1 through 22, 55, and 56 are incorporated in and made a part of this

Count.

64.     The policies issued to Cox Building contain the following Exclusion – Designated

Work – Residential New Construction Endorsement (Form U122B-0504):

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **EXCLUSION – DESIGNATED WORK – RESIDENTIAL NEW CONSTRUCTION**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following added:
>
> **Residential New Construction Work**
>
> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of or resulting from "your work" performed on new single or multiple family housing, apartment, townhouse or condominium projects.
>
> ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Colony v. Adagio Community Assoc., et al.

_____

65.     The policies issued to Cox Building provide the following definition for the term "products-completed operations hazard:"

**16.**     "Products-completed operations hazard":

**a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**     Products that are still in your physical possession; or

**(2)**     Work that has not yet been completed or abandoned. However, "your work: will be deemed completed at the earliest of the following times:

**(a)**     When all of the work called for in your contract has been completed.

**(b)**     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. . . .

66.     The policies issued to Cox Building provide the following definition for the term "your work:"

**22.**     "Your work":

**a.**     Means:

**(1)**     Work or operations performed by you or on your behalf; and

Colony v. Adagio Community Assoc., et al.

    **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

    **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **(2)**    The providing of or failure to provide warnings or instructions.

67.    The Adagio Condominium was a new condominium project.

68.    To the extent any "property damage" is included in the "products-completed operations hazard" and arises out of or results from Cox Building's work, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT XIV – EXPECTED OR INTENDED INJURY EXCLUSION – COX BUILDING, BRASFIELD, AND THE ASSOCIATION

69.    Paragraphs 1 through 22, 55, and 56 are incorporated in and made a part of this Count.

70.    The policies issued to Cox Building contain the following exclusion:

Colony v. Adagio Community Assoc., et al.

2.      Exclusions

This insurance does not apply to:

**a.      Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from
the standpoint of the insured. This exclusion does not apply to
"bodily injury" resulting from the use of reasonable force to
protect persons or property.

71.     To the extent any "property damage" was expected or intended from the standpoint of Cox Building, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT XV – CONTRACTUAL LIABILITY EXCLUSION – COX BUILDING, BRASFIELD, AND THE ASSOCIATION

72.     Paragraphs 1 through 22, 55, and 56 are incorporated in and made a part of this Count.

73.     The policies issued to Cox Building contain the following exclusion:

2.      Exclusions

This insurance does not apply to:

Colony v. Adagio Community Assoc., et al.

---

\*                      \*                      \*

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is
obligated to pay damages by reason of the assumption of liability
in a contract or agreement. This exclusion does not apply to
liability for damages:

**(1)**    That the insured would have in the absence of the contract
or agreement; or

**(2)**    Assumed in a contract or agreement that is an "insured
contract", provided the "bodily injury or "property
damage" occurs subsequent to the execution of the contract
or agreement. Solely for the purposes of liability assumed
in an "insured contract", reasonable attorney fees and
necessary litigation expenses incurred by or for a party
other than an insured are deemed to be damages because of
"bodily injury" or "property damage", provided:

**(a)**    Liability to such party for, or for the cost of, that party's
defense has also been assumed in the same "insured
contract"; and

**(b)**    Such attorney fees and litigation expenses are for defense
of that party against a civil or alternative dispute resolution
proceeding in which damages to which this insurance
applies are alleged.

74.    The policies issued to Cox Building contain the following Contractual Liability

Limitation Endorsement (Form CG 21 39 10 93):

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE
READ IT CAREFULLY.**

**CONTRACTUAL LIABILITY LIMITATION**

This endorsement modifies insurance provided under the
following:

Colony v. Adagio Community Assoc., et al.

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED      OPERATIONS      LIABILITY
COVERAGE PART

The definition of "insured contract in the DEFINITIONS Section
is replaced by the following:

"Insured Contract" means:

**a.**    A contract for a lease of premises. However, that portion of
the contract for a lease of premises that indemnifies any
person or organization for damage by fire to premises while
rented to you or temporarily occupied by you with
permission of the owner is not an "insured contract";

**b.**    A sidetrack agreement;

**c.**    Any easement or license agreement. Except in connection
with construction or demolition operations on or within 50
feet of a railroad;

**d.**    An obligation as required by ordinance, to indemnify a
municipality, except in connection with work for a
municipality;

**e.**    An elevator maintenance agreement.

75.    This exclusion precludes coverage for Brasfield's contractual indemnity claim.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a)
assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights
and obligations under the policy issued by Colony Insurance Company to Cox Building
Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and
costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if
appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building

Colony v. Adagio Community Assoc., et al.

---

Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony

Insurance Company any other relief this Court deems just and equitable.

## COUNT XVI – BUSINESS RISK EXCLUSION J.(5) –
## COX BUILDING, BRASFIELD, AND THE ASSOCIATION

76.     Paragraphs 1 through 22, 55, and 56 are incorporated in and made a part of this

Count.

77.     The policies issued to Cox Building contain the following exclusion:

2.      Exclusions

This insurance does not apply to:

> *                       *                       *

**j.      Damage To Property**

"Property damage" to

> *                       *                       *

(5)     That particular part of real property on which you or any
        contractors or subcontractors working directly or indirectly
        on your behalf are performing operations, if the "property
        damage" arises out of those operations; . . .

78.     To the extent any "property damage" falls within this exclusion, there is no

coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a)

assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights

and obligations under the policy issued by Colony Insurance Company to Cox Building

Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and

costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if

Colony v. Adagio Community Assoc., et al.

appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT XVII – BUSINESS RISK EXCLUSION J.(6) – COX BUILDING, BRASFIELD, AND THE ASSOCIATION

79.     Paragraphs 1 through 22, 55, 56, and 66 are incorporated in and made a part of this Count.

80.     The policies issued to Cox Building contain the following exclusion:

2.     Exclusions

This insurance does not apply to:

*                    *                    *

**j.     Damage To Property**

"Property damage" to

*                    *                    *

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. . . .

81.     To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and

Colony v. Adagio Community Assoc., et al.

---

costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

**COUNT XVIII – BUSINESS RISK EXCLUSION L. –
COX BUILDING, BRASFIELD, AND THE ASSOCIATION**

82.   Paragraphs 1 through 22, 55, 56, 65, and 66 are incorporated in and made a part of this Count.

83.   The policies issued to Cox Building contain the following exclusion:

2.   Exclusions

This insurance does not apply to:

*                         *                         *

**l.   Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

84.   To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and

Colony v. Adagio Community Assoc., et al.

---

costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony Insurance Company any other relief this Court deems just and equitable.

## COUNT XIX – BUSINESS RISK EXCLUSION M. – COX BUILDING, BRASFIELD, AND THE ASSOCIATION

85.     Paragraphs 1 through 22, 55, 56, and 66 are incorporated in and made a part of this Count.

86.     The policies issued to Cox Building contain the following exclusion:

2.     Exclusions

This insurance does not apply to:

        *                    *                    *

**m.     Damage To Impaired Property Or Property Not Physically     Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

87.     The policies issued to Cox Building provide the following definition for the term "impaired property:"

Colony v. Adagio Community Assoc., et al.

**8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.**    Your fulfilling the terms of the contract or agreement.

88.    To the extent any "property damage" falls within this exclusion, there is no coverage.

WHEREFORE, Plaintiff, Colony Insurance Company, requests that this Court: (a) assume jurisdiction over this matter; (b) issue a judgment declaring the parties' respective rights and obligations under the policy issued by Colony Insurance Company to Cox Building Corporation; (c) if appropriate, reimburse Colony Insurance Company all attorneys' fees and costs expended by Colony Insurance Company in the defense of Cox Building Corporation; (d) if appropriate, reimburse Colony Insurance Company any sums paid to indemnify Cox Building Corporation; (e) award Colony Insurance Company the costs of this action; and (f) award Colony

Colony v. Adagio Community Assoc., et al.

Insurance Company any other relief this Court deems just and equitable.

Dated: August 30th, 2010

Respectfully submitted,

_____
Hugh J. Connolly
Florida Bar Number 078440
STONE & CONNOLLY, P.A.
9100 South Dadeland Blvd., Suite 415
Miami, FL 33156
Telephone:     (305) 670-5044
Facsimile:     (305) 670-5015
Attorney E-mail address:  hjc@scpalaw.com
Attorney for Colony Insurance Company